**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DARYL BEGAY, DION HENDERSON,
DAVID S. PETERSON, ELTON EAGLE
BEAR CHAVEZ,

    Plaintiff,

vs.                                           Civ. No. 95-502 SC/DJS

JOHN SHANKS, JOE THURGOOD,
ANTONIO MARTINEZ,

    Defendants.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

1.    This matter is before the Court upon Defendants' Martinez Report or, in the alternative, Motion for Summary Judgment filed July 11, 1997. Plaintiff David S. Peterson responded on August 5, 1997. Defendants filed a reply on August 15, 1997. Plaintiff Dion Henderson did not respond.

2.    Plaintiffs are incarcerated and proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. §1983 and the Religious Freedom Restoration Act of 1993, 42

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

U.S.C. §§2000bb-2000bb-4.[2]  Plaintiffs allege that Defendants have interfered with their exercise of religion.  Specifically, Peterson asserts that he is Anglo and that he has been prohibited from participating in sweat lodge ceremonies due to this race.  Plaintiff Henderson avers that he is Native American and asserts that Defendants have refused to provide water for sweat lodge ceremonies and have only provided chemically treated wood for such ceremonies.

    3.   In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is mindful at the same time that Plaintiff's Complaint must be liberally construed.  <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  Summary judgement is appropriate when the evidence, construed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R. Civ P. 56(c).  The moving party has the burden of showing the absence of a genuine issue of material fact, and this burden "may be discharged by 'showing'--that is, point out to the district court--that there is an absence of evidence to support the nonmoving party's case."  <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 325 (1986).

    4.   The Tenth Circuit has construed the Religious Freedom

---

[2] Plaintiffs Daryl Begay and Elton Eagle Bear Chavez were dismissed from this action with prejudice on May 15, 1997.

Restoration Act of 1993 and found that to prevail Plaintiff must first meet certain threshold requirements. <u>Werner v. McCotter</u>, 49 F.3d 1476 (10th Cir. 1995).

> First, the governmental action must burden a religious belief rather than a philosophy or a way of life. (Citations omitted). Second, the burdened belief must be sincerely held by the plaintiff; government need only accommodate the exercise of actual religious convictions. (Citations omitted). <u>Id</u>. at 1480.

5.   Plaintiff Peterson cannot meet these requirements. In his complaint Plaintiff alleges that he "seeks to explore the native american religious beliefs, teachings and spirituality..." and that he has "been invited to participate in the sacred sweat lodge ceremonies ...". Complaint, ¶16. In his affidavit filed August 5, 1997, Plaintiff makes similar allegations that he was invited to "participate and experience the native american religion." Affidavit, ¶3. Thus, it is clear from Plaintiff's pleadings that he cannot meet the threshold requirements. Plaintiff's pleadings do not allege or demonstrate that Defendants have interfered "with the exercise of expression of her or his own deeply held faith." <u>Werner</u>, 49 F.3d at 1480. Plaintiff does not allege nor is there anything in the pleading before this Court to suggest that Defendant's prohibition of him participating in the sweat lodge burdens his exercise of a "sincerely held belief(s) or faith." <u>Id</u>.

6.   Plaintiff Henderson failed to respond to Defendant's Motion. Failure to respond to a motion constitutes a party's

3

consent to the granting of that motion. D.N.M.LR-Civ 7.5(b). Further, the allegations of this Plaintiff have been addressed by the Defendants. Defendants provide untreated wood except in emergency situations. It is undisputed that only once since 1996 have the Defendants provided treated wood. Further, it is undisputed there has always been some sort of water supply accessible to inmates participating in the sweat lodge ceremonies. Thus, for Plaintiff Henderson to prevail this Court would have to find that Defendant's supplying treated wood on one occasion is a "substantial burden" on Plaintiff's exercise of his faith. The Court finds it is not. See Thiry v. Carlson, 887 F. Supp. 1407 (Kan. 1995) cert. denied, 117 S.Ct. 78 (1996), Block v. Word of Life Christian Center, 207 B.R. 944 (D. Colo. 1997).

## Recommended Disposition

For these reasons, I recommend that Defendant's Motion for Summary Judgment be granted and that this case be dismissed with prejudice.

_____
Don J. Svet
UNITED STATES MAGISTRATE JUDGE